UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WILLIAM HOPPER,

    Plaintiff,

v.                                                Case No.  5:11-cv-236-Oc-TBS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____

## ORDER[1]

Pending before the Court is Plaintiff's Petition for Attorney's Fees. (Doc. 36). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees in the amount of $3,819.47.  The schedule of hours attached to the petition confirms the attorney's claimed hours.  (Doc. 36-1).  Pursuant to M.D. FLA. R. 3.01(g), counsel for Plaintiff represents that Defendant's attorney has been contacted and has no objection to the requested relief.  (Doc. 36 at 5).

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified, and that his net worth at the time this proceeding was filed was less than two million dollars.[2] (Id. at 1-2).  On March 29, 2012, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four

---

[1] On August 11, 2011, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 14).  Accordingly, the case was referred to the undersigned by an Order of Reference on August 16, 2011.  (Doc. 17).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where:  (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

of 42 U.S.C. § 405(g).  (Doc. 34).  On April 11, 2012, the Clerk entered Judgment. (Doc. 35).  Plaintiff filed this application for attorney's fees on June 19, 2012.  (Doc. 36).

Plaintiff has attached a copy of his assignment of EAJA fees to his counsel. (Doc. 36-2).  In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.  If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. §2412(d)), Plaintiff's petition for attorney's fees (Doc. 36) is hereby **GRANTED**.  Plaintiff is awarded attorney's fees in the amount of **$3,819.47** to be paid out of the judgment fund.  Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on July 5, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel